## THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

RASHAD COLEMAN,                          :
        Petitioner                      :
                           :    **CASE NO. 3:18-CR-222**
    v.                                   :    **(RELATED CASE NO. 3:22-CV-1419)**
                           :
UNITED STATES OF AMERICA,                :    **(JUDGE MARIANI)**
        Respondent                      :

### MEMORANDUM OPINION

### I. INTRODUCTION

On March 20, 2019, Rashad Coleman pleaded guilty, pursuant to a signed written plea agreement, to Armed Robbery of a Pharmacy and Aiding and Abetting, in violation of 18 U.S.C. § 2118(a), 2118(c)(1), and 2, and *United States v. Pinkerton*, 328 U.S. 640 (1946) (Count 2) and to Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting, in violation of 18 U.S.C. § 924(c) and 2, and *Pinkerton* (Count 3). (Doc. 66, 73). On July 30, 2019, Coleman was sentenced to a total term of imprisonment of 125 months to be followed by 3 years of supervised release. (Docs. 99, 101). Coleman did not file a direct appeal to the Third Circuit Court of Appeals.

Presently before the Court is Coleman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 132), filed on September 12, 2022. Coleman filed his Notice of Election on October 27, 2022 electing to have the Court rule on his petition as filed (Doc. 135). For the reasons stated herein, the Court will deny Petitioner's Motion.

## II. STANDARD OF REVIEW

### a. 28 U.S.C. § 2255

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a), (f)(1). A federal prisoner may also file a § 2255 motion within one year from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action", "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(2)-(4). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b); *see also*, 28 U.S.C. § 2255(a).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essing*, 10 F.3d 968, 977 n.25 (3d Cir. 1993).

2

Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect

which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378

F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Relief is available under § 2255 only under exceptional circumstances, when the claimed

errors of law are "a fundamental defect which inherently results in a complete miscarriage of

justice," or "an omission inconsistent with the rudimentary demands of fair procedure.' *Hill v.*

*United States*, 368 U.S. 424, 428 (1962). If the court determines that the petitioner is

entitled to relief under § 2255, the court "shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate." *See* 28 U.S.C. § 2255(b).

Section 2255 also directs that, in some instances, the court "shall" hold an

evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that
> the prisoner is entitled to no relief, the court shall cause notice thereof to be
> served upon the United States attorney, grant a prompt hearing thereon,
> determine the issues and make findings of fact and conclusions of law with
> respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the Court of

Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a
> defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255,
> our caselaw has imposed limitations on the exercise of that discretion. In
> considering a motion to vacate a defendant's sentence, "the court must accept
> the truth of the movant's factual allegations unless they are clearly frivolous on
> the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865

3

F.2d 59, 62 (3d Cir.1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy,* 410 F.3d at 134 (quoting *Phillips v. Woodford,* 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d at 545-546.  Generally, the petitioner bears the burden of proof in § 2255

proceedings.  *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### b. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are properly raised on collateral review

rather than on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  To

succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part

test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner must

demonstrate "(1) that counsel's performance was deficient, that is, it fell below an objective

standard of reasonableness, and (2) that counsel's deficient performance prejudiced his

client."  *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (*citing Strickland*, 466 U.S. at

689-692).  The petitioner bears the burden of establishing that counsel's performance

prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

## III. ANALYSIS

Rashad Coleman asserts that "Count 3 should be VACATED and resentenced in light of an intervening change in law in *United States v. Taylor*, [596 U.S. 845 (2022)]." (Doc. 132, at ¶ 12) (capitalization in original).  Coleman asserts that his motion is timely where he could not previously present this issue in federal court because the Supreme Court did not issue its ruling in *Taylor* until 2022 and he filed his present motion within one year of the Supreme Court's decision in that case.  (*Id*. at ¶¶ 13, 18) (*see also*, Doc. 133).

Coleman's Motion must be denied because it is time-barred.  Section 2255 provides in relevant part:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Coleman was sentenced on July 30, 2019, and judgment was entered that same day.  (Doc. 99).  The time to file a direct appeal to the Third Circuit Court of Appeals expired 14 days thereafter.  *See* Fed. R. App. P. 4(b)(1) (a criminal defendant's notice of appeal must be filed within 14 days after the entry of the judgment being appealed).  Thus,

5

because no notice of appeal was filed, Coleman's judgment became final on August 13, 2019. However, Coleman did not file the instant habeas petition until September 12, 2022 – approximately three years after the conviction became final (*see* Doc. 132). Thus, Coleman's present § 2255 motion will only be deemed timely filed if the Supreme Court newly recognized a right in *Taylor* and made that right retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2255(f).

In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of "crime of violence" as a predicate for a felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence. However, the Supreme Court specifically differentiated the crime of a *completed* Hobbs Act robbery from that of an *attempted* Hobbs Act robbery. *See e.g., Taylor*, 596 U.S. at 851 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original). The Third Circuit has repeatedly held, both prior to and following *Taylor*, that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c). *See United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023) ("Prior to the *Taylor* decision, this Court held that a completed Hobbs Act robbery is a valid § 924(c) predicate. . . That finding was also unanimous among our sister Circuits. *Taylor* does not change our position.") (internal citation omitted).

6

Here, the record is clear that Coleman was charged with, and pleaded guilty to, a *completed* Hobbs Act robbery. The Supreme Court's decision in *Taylor* applied only to the crime of an *attempted* Hobbs Act robbery and therefore did not announce a new right that is applicable to Coleman which can provide him with relief under § 2255(f)(3).[1] Further, to the extent that Coleman is in some way suggesting that under *Taylor*, a conviction for aiding and abetting a completed Hobbs Act robbery or liability under *Pinkerton*, no longer qualifies as a "crime of violence", the Third Circuit has rejected this argument. *See United States v. Stevens*, 70 F.4th 653, 662-663 (3d Cir. 2023) (". . . while the jury's general verdict obscures whether [Defendant's] Hobbs Act robbery conviction was based on an aiding and abetting or a *Pinkerton* theory of guilt, under either theory he is liable for committing a crime of violence.").

Finally, Coleman does not argue, nor is there any basis to do so, that he is timely because he was previously prevented from making a § 2255 motion by governmental action

---

[1] This Court further notes that the Third Circuit in *Stoney* stated that *Taylor* "left open" the question of whether a completed Hobbs Act robbery qualifies as a crime of violence under § 924(c). *Stoney*, 62 F.4th at 113. Where an issue is "left open" by the Supreme Court, the Third Circuit has found that the open issue cannot be deemed to be a new right that would invoke the provision of subsection § 2255(f)(3). *See e.g. United States v. Green*, 898 F.3d 315 (3d Cir. 2018):

> We hold that Green's motion is untimely in light of the plain language of 28 U.S.C. § 2255(f)(3) and the Supreme Court's indication in *Beckles* that it remains an open question whether the mandatory Sentencing Guidelines can be subject to vagueness challenges. In so holding, we do not speak to the merits of Green's claim, and do not decide whether the residual clause in the mandatory Sentencing Guidelines is unconstitutionally vague. Only the Supreme Court can recognize the right that would render Green's motion timely under § 2255(f)(3).

*Green*, 898 F.3d at 322-323.

in violation of the Constitution or laws of the United States or due to the recent discovery of facts supporting his claim through the exercise of due diligence, as required by § 2255(f)(2) or (4).

For the reasons set forth herein, Coleman's § 2255 motion is barred by the applicable statute of limitations and must be denied.[2]

## IV. EVIDENTIARY HEARING

Section 2255(b) advises that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The decision to hold a hearing is wholly within the discretion of the district court." *Eckenberger v. United States*, 2022 WL 609208, at *5 (M.D.Pa. 2022) (citing *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In this case, no evidentiary hearing is necessary because "the motion and files and records of this case show conclusively that the movant is not entitled to relief." *Id.* (internal quotations and citations omitted).

---

[2] Even if this Court were to reach the merits of Coleman's § 2255 motion, he would not be entitled to relief. Coleman's sole argument is that, in light of *Taylor*, he did not commit a crime of violence. Coleman does not allege ineffective assistance of counsel or any other alleged fundamental defect in his criminal action which would inherently result in complete miscarriage of justice. For the reasons set forth herein, the case law remains clear that Coleman was convicted of a completed Hobbs Act robbery, which qualifies as a crime of violence, and he is therefore not entitled to a reduction in his sentence as he requests.

## V. CERTIFICATE OF APPEALABILITY

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ['COA']." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D.Pa. 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted because the Court finds that reasonable jurists would not find this Court's the resolution of Coleman's constitutional claims debatable or wrong.

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Rashad Coleman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 132). A separate Order will follow.

Robert D. Mariani
United States District Judge